**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DAVID E. KATES,

      Petitioner,

         v.

J.E. THOMAS,

      Respondent.

CIVIL ACTION NO. 3:CV-14-1067

(JUDGE CAPUTO)

(MAGISTRATE JUDGE MEHALCHICK)

## MEMORANDUM

Presently before the Court for review is Magistrate Judge Mehalchick's Report and Recommendation (Doc. 5) to the Petition for Writ of Habeas Corpus (Doc. 1) filed by David E. Kates.  Because relief under 28 U.S.C. § 2241 is not available to Petitioner, the Report and Recommendation will be adopted and the Petition will be dismissed.

### I. Background

On November 6, 1997, Petitioner was convicted in the United States District Court for the Northern District of Texas of possession with intent to distribute cocaine base. Petitioner was subsequently sentenced as a career offender to thirty (30) years in federal prison.  His conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit. *See United States v. Kates*, 174 F.3d 580 (5th Cir. 1999).  On May 2, 2000, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which the district court denied on December 31, 2002.  Petitioner has since filed multiple post-conviction petitions, all of which have been dismissed. *See, e.g., Kates v. Thomas*, No. 12-2270, 2013 WL 433606, at *3 (M.D. Pa. Feb. 5, 2013); *Kates v. United States*, No. 12-018, 2012 WL 423531, at *1 (N.D. Tex. Feb. 8, 2012); *Kates v. Keffer*, No. 09-401, 2009 WL 1658036, at *1-3 (W.D. La. June 12, 2009) (finding that the petition filed pursuant to § 2241 claiming that the sentencing court "erroneously enhanced his sentence"

should have been filed in the sentencing court as a § 2255 petition).

Most recently, Petitioner commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 3, 2014. (Doc. 1.)  According to Petitioner, the sentence imposed by the United States District Court for the Northern District of Texas was based on an erroneous interpretation of the career offender guidelines.   Thus, Petitioner argues that he is "actually innocent of the career offender enhancement." (Doc. 2, ¶ 7.)

Magistrate Judge Mehalchick issued the instant Report and Recommendation on June 5, 2014. (Doc. 5.)  The Magistrate Judge concludes that Petitioner is challenging the imposition of his sentence and not its execution.   And, because Petitioner fails to demonstrate that § 2255 is inadequate or ineffective to test the legality of his sentence, Magistrate Judge Mehalchick recommends that the Petition be dismissed without prejudice to Petitioner's right to file a § 2255 motion in the sentencing court subject to the applicable pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h).

Petitioner filed timely objections to the Report and Recommendation. (Doc. 6.) Petitioner asserts that he has established that § 2555 is inadequate or ineffective to test the legality of his detention. (*Id*. at ¶ 2.)   Specifically, Petitioner contends that § 2255 is inadequate or ineffective "to challenge the legality of the 360 month sentence because he is actually innocent of the 4B1.1 career offender enhancement . . . ." (*Id*. at ¶ 5.)   The Report and Recommendation and Petitioner's objections thereto are now ripe for review.

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)).  However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7

(3d Cir. 1984) (emphasis added).  In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### III. Discussion

As noted, the Magistrate Judge recommends that the instant Petition be dismissed without prejudice to Petitioner's right to file a § 2255 motion in the sentencing court subject to the pre-authorization requirements of §§ 2244 and 2255(h).  Petitioner, as stated, objects to the conclusion that he cannot seek relief in this case pursuant to § 2241.

The "usual avenue for federal prisoners seeking to challenge the legality of their confinement" is § 2255, rather than § 2241. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).  Only when the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his detention may a prisoner may seek relief under 28 U.S.C. § 2241. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).  "This is permissible 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.'" *Sorrell v. Bledsoe*, 437 F. App'x 94, 96 (3d Cir. 2011) (quoting *Cradle v.*

*United States*, 290 F.3d 536, 538 (3d Cir. 2002)).  This "safety valve" is available under narrow and unusual circumstances, *Dorsainvil*, 119 F.3d at 248-49, and "§ 2255 is not inadequate or ineffective 'merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent requirements of [ ] § 2255.'"  *Sorrell*, 437 F. App'x at 96 (citing *Cradle*, 290 F.3d at 539).

The Magistrate Judge's finding that relief under § 2241 is not available to Petitioner will be adopted and the Petition will be dismissed without prejudice.  Here, Petitioner does not assert that he is actually innocent of his underlying conviction.  Instead, he contends that his sentence was improperly calculated based on the sentencing court's application of the career offender guidelines.  Petitioner may not proceed under § 2241 in these circumstances. *See, e.g., Mikell v. Recktenwald*, 545 F. App'x 82, 84 (3d Cir. 2013) (per curiam) ("Mikell makes no allegation that he is actually innocent of the drug crime for which he was convicted; he asserts only that his sentence was improper.  The *Dorsainvil* exception is therefore inapplicable, and relief under § 2241 is not available."); *McIntosh v. Shartle*, 526 F. App'x 150, 152 (3d Cir. 2013) (per curiam) ("Here, McIntosh is challenging his designation as a career offender.  Thus, he does not fall within the exception created in *Dorsainvil* and may not proceed under § 2241."); *Johnson v. Scism*, 464 F. App'x 87, 88 (3d Cir. 2012) (per curiam) ("Here, Johnson is challenging his designation as a career offender.  Thus, he does not fall within the exception created in *Dorsainvil* and may not proceed under § 2241."); *Sorrell*, 437 F. App'x at 96 ("Sorrell has not alleged that he is actually innocent of the crime for which he was convicted, but limits his appeal to an allegation that his sentence was improperly calculated based on his career offender status.  Therefore, the exception created in *Dorsainvil* is not applicable, and relief under § 2241 is not available.").

4

### IV. Conclusion

For the above stated reasons, the Report and Recommendation will be adopted and the Petition for Writ of Habeas Corpus will be dismissed without prejudice.

An appropriate order follows.


June 25, 2014                            /s/ A. Richard Caputo
Date                                              A. Richard Caputo
                                              United States District Judge

5